IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARLOS KING,
    Plaintiff,

vs.                                    Case No. 3:07cv110/MCR/MD

JAMES MCDONOUGH, et al.,
    Defendants.

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk.  Plaintiff commenced this action on March 12, 2007 by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1) and an affidavit of indigency with account summary attachments (doc. 2).  On March 20, 2007 this court entered an order (doc. 6) requiring plaintiff to submit a prisoner consent form within thirty days.  Plaintiff was provided a copy of the required form, which reflected the current civil filing fee of $350.00.

In response, plaintiff submitted a motion to proceed *in forma pauperis* and prisoner consent form (docs. 7, 9); however, the consent form was not the one provided by the court -- it was an outdated version reflecting the old filing fee of $250.00.  Accordingly, on April 26, 2007 this court entered an order (doc. 10) directing plaintiff to submit an updated prisoner consent form within thirty days.[1]  The court again provided plaintiff the current form.

---

[1] Because a prisoner who has been granted leave to proceed *in forma pauperis* is ultimately responsible for the entire amount, it is important that litigants are aware of the liability they incur by filing suit.

**Thirty days elapsed, and plaintiff failed to file an updated consent form. Accordingly, on June 11, 2007 the court issued an order (doc. 11) directing plaintiff to show cause why his case should not be dismissed. In response, plaintiff submitted a letter to the undersigned, which was returned to plaintiff on a deficiency order (doc. 12). The deficiency order informed plaintiff that he should not correspond with the court in letter form, and further advised him that contrary to his assertion, he had not submitted a prisoner consent form reflecting the current filing fee of $350.00. Plaintiff was warned that if he failed to submit the requisite form within twenty days, his case would be dismissed.**

**In response, plaintiff filed a document titled "Motion to Withdraw Without Prejudice," (doc. 13), in which he stated that he filed an application for certificate of appealability/notice of appeal with regard to this court's denial of his civil rights complaint, and that he desired to withdraw that application/notice of appeal without prejudice because he did not understand why his consent forms were being rejected. The undersigned was reluctant to treat the motion as a notice of voluntary dismissal, because it was unclear whether plaintiff wanted this civil rights case dismissed. First, contrary to plaintiff's assertion, this court had not denied his civil rights complaint. No action had been taken on the complaint pending resolution of plaintiff's application to proceed *in forma pauperis*. Second, contrary to plaintiff's assertion, he had not filed an application for certificate of appealability or notice of appeal in this case. Thus, no such pleading existed that was capable of being "withdrawn." Third, the undersigned had been very clear with plaintiff as to why his application to proceed *in forma pauperis* was deficient - the prisoner consent form he submitted did not reflect the current filing fee of $350.00. It reflected the old filing fee of $250.00, which is no longer in effect.**

**Accordingly, on August 8, 2007 the court issued an order denying the motion to withdraw and requiring plaintiff to clarify his intentions with regard to this case. Plaintiff was directed to file with the court within twenty days either a notice of voluntary dismissal or a complete two-page prisoner consent form reflecting the**

*Case No: 3:07cv110/MCR/MD*

current filing fee. Plaintiff was warned that his failure to comply with the order as instructed would result in a recommendation of dismissal of this action without further notice (doc. 14).

Over twenty days has elapsed and, although plaintiff has filed two deficient documents (letter requests for appointment of counsel), he has failed to comply with this court's August 8, 2007 order.

Accordingly, it respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to comply with an order of the court.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 24th day of September, 2007.


/s/ *Miles Davis*
      MILES DAVIS
      UNITED STATES MAGISTRATE JUDGE


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).